People v Barada (2026 NY Slip Op 00213)

People v Barada

2026 NY Slip Op 00213

Decided on January 15, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 15, 2026

Before: Kennedy, J.P., Gesmer, Rodriguez, Pitt-Burke, Chan, JJ. 

Ind No. 1449/19|Appeal No. 5610|Case No. 2024-01542|

[*1]The People of the State of New York, Respondent,
vReinaldo Barada, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Alec D. Miran of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Julianna Sousou of counsel), for respondent.

Order, Supreme Court, New York County (Ellen N. Biben, J.), entered on or about February 28, 2024, which adjudicated defendant a level two sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law Art 6-C), unanimously affirmed, without costs.
There is no basis for this Court to exercise its independent discretion to grant defendant a downward departure (see People v Gillotti, 23 NY3d 841, 861 [2014]). Defendant's family support system and participation in sex offender treatment were adequately accounted for by the risk assessment instrument or not shown to reduce defendant's particular risk of reoffense (see People v Bevel, 224 AD3d 430, 431 [1st Dept 2024], lv denied 42 NY3d 902 [2024]; People v Sadagheh, 214 AD3d 566 [1st Dept 2023], lv denied 40 NY3d 902 [2023]). Although defendant provided sufficient evidence of his physical disabilities, which were not considered by the risk assessment instrument (see People v Williams, 148 AD3d 540 [1st Dept 2017]), "[d]efendant did not establish that his physical condition would prevent him from committing additional sex crimes, especially against young children" (People v Sudderth, 171 AD3d 593 [1st Dept 2019], lv denied 33 NY3d 913 [2019]; see People v Rodriguez, 101 AD3d 630, 631 [1st Dept 2012], lv denied 21 NY3d 851 [2013]). Finally, "[d]efendant's law abiding conduct after being released from custody, but while under supervision, is insufficient to demonstrate that his serious threat of recidivism against children has abated" (People v Rodriguez, 178 AD3d 439, 440 [1st Dept 2019], lv denied 24 NY3d 915 [2015]).
To the extent that any of the alleged mitigating factors were not adequately accounted for by the risk assessment instrument, they were outweighed by the circumstances of the underlying offense and defendant's history, which shows a pattern of sexual abuse perpetrated against children alongside a failure to fully accept responsibility and comply with sex offender reporting requirements (see People v Alam, 227 AD3d 576, 576 [1st Dept 2024], lv denied 42 NY3d 907 [2024]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 15, 2026